ROGERS et al. v. EZELL. (No. 402.)

(Court of Civil Appeals of Texas. El Paso. March 11, 1915. Rehearing Denied April 8, 1915.)

1. APPEAL AND ERROR ☞1051 — HARMLESS ERROR — ERRONEOUS ADMISSION OF EVIDENCE.

Error in admitting parol evidence to prove a fact confessed by the pleadings is harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. ☞ 1051.]

2. APPEAL AND ERROR ☞742 — QUESTIONS REVIEWABLE—INSTRUCTIONS—STATEMENT.

An assignment of error complaining of an instruction will not be considered, where the statement supporting it does not show that objections were presented to the court before the instruction was read and that exception was taken to the instruction as required by Acts 33d Leg. c. 59.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☞742.]

Appeal from District Court, Reeves County; S. J. Isaacks, Judge.

Action by T. A. Ezell against Annie D. Rogers and others. From a judgment for plaintiff, defendants appeal. Affirmed.

W. P. Brady, of Pecos, and Walthall & Gamble and George Estes, all of El Paso, for appellants. Ross & Hubbard and Ben Palmer, all of Pecos, for appellee.

WALTHALL, J. This is a suit by appellee, T. A. Ezell, against appellants, Annie D. Rogers and W. H. Rogers, her husband, and J. L. Tyler, to set aside for fraud a deed conveying land from W. H. Rogers to his wife, and from her to Tyler. Plaintiff alleged that in November, 1912, he recovered judgment against W. H. Rogers in the district court of Reeves county, Tex., for the sum of $4,438.47, with interest, with foreclosure of attachment lien on lands described, situated in Culberson county, Tex.; that at said time the records of Culberson county showed that W. H. Rogers had the legal title; that an order of sale issued under said judgment, and advertisement of sale was made, when plaintiff was advised for the first time that Annie D. Rogers claimed to be the owner; that a deed conveying said property had been executed November 10, 1910, by W. H. Rogers to Annie D. Rogers, and recorded November 12, 1910, in the clerk's office of El Paso county, Tex., but such deed had been by inadvertence or mistake omitted from the transcript of the records of the territory formerly embraced in El Paso county, which now comprises Culberson county. Plaintiff alleges that said deed of conveyance was fraudulent, that at the time of conveyance W. H. Rogers was insolvent, that the conveyance was intended to defraud his creditors, and that the consideration stated in the deed was fictitious and no consideration passed. Plaintiff further alleges that defendant J. L. Tyler had purchased some interest in the property; that such claim asserted by him is also fictitious, is based upon no consideration, and that said Tyler is in collusion with defendants to defraud plaintiff. Defendants Rogers answered admitting the execution of the deed on November 10, 1910, conveying the property to Annie D. Rogers; denied that the conveyance was fraudulent, but allege same to have been in good faith and for a valuable consideration; that she paid for the land out of her separate estate, not knowing of the alleged indebtedness to plaintiff Ezell; that said W. H. Rogers was not insolvent at the time of delivery of the deed but had other property which could have been reached. Defendant Annie D. Rogers denied the making of the contract with Tyler was for the purpose of defrauding plaintiff. Defendant J. L. Tyler answered alleging that the property acquired by him from Annie D. Rogers was purchased in good faith for valuable consideration, without notice of plaintiff's claim, and denied any fraud. The trial of the case was before a jury and resulted in a verdict for plaintiff, as against all of the defendants. Annie D. Rogers and W. H. Rogers appeal.

Appellants' first assignment of error is to the action of the court in permitting the plaintiff to prove by oral testimony that he had theretofore obtained the judgment against W. H. Rogers alleged in his petition, assigning the error to be that oral testimony was incompetent and not the best evidence; that the only evidence competent to prove the fact was the record of said judgment or certified copy.

[1] The original petition was filed May 5, 1913, alleging the fact of the judgment. Defendants' original answer was filed November 21, 1913, and did not plead to the fact

of plaintiff's judgment, and must be taken as confessed on the record. No proof to establish the judgment was necessary, and no error could be made in admitting oral testimony as to the fact of the judgment pleaded. The assignment is overruled.

Appellants' second assignment alleges error in admitting oral testimony to show the execution and delivery of the deed from W. H. Rogers to Annie D. Rogers on the ground the oral testimony was not the best evidence of the fact, but what is said in disposing of the first assignment applies also to the second. It is overruled.

[2] Appellants' third assignment cannot be considered because the statement supporting same is insufficient in failing to show that objections to the charge complained of were presented to the court before the same was read to the jury and proper exception taken to the giving of the charge, as is now required by chapter 59, Acts of Thirty-Third Legislature.

What has been said in overruling defendants' third assignment of error equally applies to the fourth and fifth, and they cannot be considered.

Finding no fundamental errors of law apparent upon the record, the same is affirmed.